Mary **BARTLETT** on Behalf of Josephine **NEUMAN**, Plaintiff,

v.

Margaret **HECKLER**, Defendant.

Civ. A. No. 82–0552.

United States District Court, District of Columbia.

Sept. 23, 1983.

---

Ronald E. Bush, Student Attorney and Stephen J. DelGiudice, Supervising Attorney, Community Legal Clinics, George Washington University, Washington, D.C., for plaintiff.

Deborah Robinson, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM ORDER

HAROLD H. GREENE, District Judge.

This action challenges a provision in the Medicare Act, 42 U.S.C. § 1395x(y)(2)(B), which denies reimbursement to a patient receiving extended care services in a non-Christian Science skilled nursing facility if, during the same spell of illness, the patient previously received extended care in a Christian Science facility.

Plaintiff's decedent spent 30 days in a Christian Scientist home, for which she was reimbursed. She later entered a hospital, and after her hospital stay she entered a non-Christian Science skilled nursing facility, where she received 22 days of extended care. On account of 42 U.S.C. § 1395x(y)(2)(B), she was not reimbursed for this care even though patients who restricted their extended care to non-Christian Science facilities are eligible for 100 days' reimbursement. See 42 U.S.C. § 1395d(a)(2). Plaintiff, the executrix of the decedent's estate, has exhausted administrative remedies and now contends that the different standards violate the free exercise clause of the First Amendment and the equal protection and due process clauses of the Fifth Amendment.

### I

The government moved to dismiss plaintiff's complaint on the basis that the Court lacks subject matter jurisdiction, pointing out that 42 U.S.C. § 1395ff(b)(2) contains a jurisdictional minimum of $1,000 which plaintiff admittedly cannot satisfy,[1] and arguing that the Court cannot exercise general federal question jurisdiction under 28 U.S.C. § 1331 because of the limitation on judicial review contained in 42 U.S.C. § 405(h).[2] Upon consideration of the motion, the opposition thereto, and oral argument, the Court has concluded that because plaintiff's claim is based on the Constitution, and because there is no alternative method of securing judicial review of her claim, the Court is not barred from exercising jurisdiction over this lawsuit.

### II

The Medicare Act provides that the determination in the first instance "whether an individual is entitled to benefits under

---

1. Plaintiff states that the amount in controversy is $286.00, representing 22 days of extended care services.

2. This provision, part of the Social Security Act, is incorporated in the Medicare Act, "to the ... extent ... applicable," by 42 U.S.C. § 1395ii.

part A[3] ... and the determination of the amount of benefits under part A ... shall be made by the Secretary." 42 U.S.C. § 1395ff(a). Subsection (b) of that section provides that "any individual dissatisfied with any determination under subsection (a) ... as to ... (C) the amount of benefits under part A of this subchapter (including a determination where such amount is determined to be zero)" is entitled to an administrative hearing and to judicial review of the Secretary's final decision. The subsection goes on to state, however, that "judicial review [shall not] be available to an individual by reason of such subparagraph (C) if the amount in controversy is less than $1,000." 42 U.S.C. § 1395ff(b)(2). The dollar thresholds[4] in the Medicare Act were intended to avoid overburdening the courts. See, e.g., 111 Cong.Rec. 1536 (1965) (remarks of Senator Kennedy), quoted in *Gray Panthers v. Schweiker*, 652 F.2d 146, 151 n. 12 (D.C.Cir.1980).

The basic issue presented by this case is similar to that addressed by the Supreme Court in *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). In that case, the Court was dealing with the provision of the Social Security Act, incorporated into the Medicare Act, which limits judicial review of decisions of the Secretary. Specifically, 42 U.S.C. § 405(h) provides as follows:

> The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who are parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or an officer or employee thereof shall be brought under sections 1331 or 1346 of title 28 to recover on any claim arising under this subchapter.

The Court concluded in *Salfi* that this provision means just what it appears on its face to provide: that a federal court does not have federal question jurisdiction under 28 U.S.C. § 1331 with respect to the recovery of claims under the Social Security Act.

If that is all the Court in *Salfi* had said about the matter, the government's motion to dismiss would be well taken. However, the Court went on to state that a different situation would exist—and presumably a different result would follow—if no judicial consideration of constitutional challenges to statutory limitations were available. 422 U.S. at 762, 95 S.Ct. at 2465.[5] Finding no impediment to such challenges in the case before it, and because there was no such impediment, the Court found no fault with section 405(h). As Judge Wilkey, speaking for the Court of Appeals for this Circuit, has noted,

> Since *Salfi* the various courts of appeal have grappled with the issue of whether section 405(h) precludes federal question jurisdiction when no alternative form of judicial review is available. Every court that has considered the issue has agreed that section 405(h) should be read so as to permit *some* avenue of judicial review for *constitutional* claims.

*National Assn. of Home Health Agencies v. Schweiker*, 690 F.2d 932, 939 (D.C.Cir. 1982) (emphasis in original; footnotes omitted).[6]

## III

The government argues next that *Salfi* conditioned the availability of federal

---

3. The Medicare Act created two types of health insurance for the aged and disabled. Part A, at issue in this case, covers inpatient hospital services, post-hospital extended care services, and home health services.

4. The Act also provides that administrative hearings are not available to claimants whose amounts in controversy are less than $100.00. This was the provision at issue in *Gray Panthers v. Schweiker*, 652 F.2d 146 (D.C.Cir.1980).

5. It is on this basis, too, that the Court distinguished *Johnson v. Robison*, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974). See 422 U.S. at 761–62, 95 S.Ct. at 2464–65.

6. *United States v. Erika, Inc.*, 456 U.S. 201, 102 S.Ct. 1650, 72 L.Ed.2d 12 (1982), cited by the government, is not to the contrary; it does not deal at all with the issue of constitutional claims.

court jurisdiction of constitutional claims upon compliance with the standards applicable to nonconstitutional claims arising under the Social Security Act. That much is certainly true. The Supreme Court did hold in that case that where there is no final decision by the Secretary, there is no basis for judicial review, and to that extent the decision supports the contention that even a plaintiff asserting constitutional claims must comply with neutral requirements and standards of the statute.[7] That, however, is a far cry from the proposition here advanced by the government: that as long as some person at some time in the future may be able to meet the $1,000 requirement and raise the issue of the constitutionality of section 1395x(y)(2)(B), this plaintiff may not do so.

When the Court in *Salfi* stated that, although there must be some opportunity for judicial review of constitutional claims, such claims must nevertheless conform to the standards applicable to claims generally, it was referring to the procedural context there involved: a failure of some of the plaintiffs to secure final decisions from the Secretary. Those plaintiffs would, of course, be able to remedy that defect by exhausting their remedies and securing a final administrative decision. However, the plaintiff in this case could not possibly remedy the defect of a claim below the $1,000 jurisdictional limit since that is all her claim amounts to and will ever amount to.

Nothing in *Salfi* or any other decision requires this Court to bar plaintiff from securing an adjudication of her claimed constitutional rights because someone else may be able to litigate this particular theoretical issue in the courts in connection with his or her claims.[8] Constitutional rights are personal and incapable of precise valuation, see *Committee for G.I. Rights v. Callaway*, 518 F.2d 466, 472–73 (D.C.Cir. 1975), and it is those rights that are at issue here, not simply an academic problem in constitutional adjudication.[9]

## IV

From what has been said it is clear that if plaintiff were precluded from all judicial review of her claim in this case, the most serious constitutional questions would be present. The Court has, of course, a duty to avoid such questions if it is possible to do so. *Johnson v. Robison, supra,* 415 U.S. at 366–67, 94 S.Ct. at 1165.

As noted above, it appears that in enacting section 1395ff(2) Congress was concerned essentially with preventing the federal courts from being inundated with petty disputes about benefit amounts. See H.R.Rep. No. 213, 89th Cong., 1st Sess. (1965); S.Rep. No. 404, 89th Cong., 1st Sess. (1965); H.R.Rep. No. 682, 89th Cong., 1st Sess. (1965), U.S.Code Cong. & Admin. News 1965, 1943, 118 Cong.Rec. 33992 (1972). That rationale obviously does not apply to an occasional challenge to the structure of the law on constitutional grounds. The legislative history is devoid of "clear and convincing evidence" of a congressional purpose to preclude judicial review of substantial constitutional claims. *Johnson v. Robison, supra,* 415 U.S. at 373, 94 S.Ct. at 1168.

The Court therefore concludes that the statute does not preclude federal court jur-

---

7. However, even so, once it becomes clear that the only issue is the constitutionality of the statutory requirement—a matter which is beyond the Secretary's jurisdiction to determine—there may not be a need for complete exhaustion of administrative remedies. See 422 U.S. at 765–67, 95 S.Ct. at 2466–67.

8. As plaintiff's counsel observed at the hearing on defendant's motion, the Medicare Act has been on the books for nearly 20 years without the sort of challenge which plaintiff brings having been made.

9. It should be noted, too, that if the government's position were correct, the District Court and the Court of Appeals should never have exercised jurisdiction in *Gray Panthers v. Schweiker, supra.* Since the plaintiffs' claims in that case fell even further below the $1,000 mark than does plaintiff's in the instant case, the only explanation is that jurisdiction was present due to the constitutional nature of plaintiff's claims.

isdiction of such claims,[10] and the motion to dismiss will be denied.

---

10. Alternatively, and for the reasons discussed above, in particular the *Salfi* decision, the Court concludes that it has jurisdiction pursuant to 28 U.S.C. § 1331.